IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLIFFORD JOSEPH KAROLSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1101 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| CITY OF ALIQUIPPA, DETECTIVE | ) | Cynthia Reed Eddy |
| STEPHEN ROBERTS, CHIEF DAVIS, | ) | |
| ASST. CHIEF DON COUCH, | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, ARSON | ) | |
| INVESTIGATOR STATE POLICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**Cynthia Reed Eddy, United States Magistrate Judge**

### I. Introduction

Plaintiff Clifford Joseph Karolski, who is proceeding *pro se*, claims that his federal rights were violated by the above-captioned Defendants when he was falsely charged with numerous counts of arson, notwithstanding his alibi, and was incarcerated for approximately one month until his charges were dismissed by a magistrate at his preliminary hearing.[1] There are two pending motions to dismiss before the Court: (1) motion to dismiss the amended complaint in its entirety by the Pennsylvania State Police and the Arson Division of the Pennsylvania State Police ("Commonwealth Defendants"), and (2) motion to dismiss the amended complaint in part by the City of Aliquippa, Detective Roberts, Chief Davis, and Asst. Chief Couch (collectively

---

[1] Plaintiff is currently incarcerated at SCI-Camp Hill regarding an incident that is unrelated to his allegations herein. *See* Pennsylvania Department of Corrections Inmate Locator, http://inmatelocator.cor.pa.gov/#/; Court of Common Pleas of Beaver County, Pennsylvania Criminal Docket Sheet, https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-04-CR-0000177-2016.

1

"City Defendants"). (ECF Nos. 29, 32). Although he had the opportunity to do so, Plaintiff did not respond to either motion, and, therefore, the motions are ripe for disposition.[2] For the reasons that follow, both motions will be granted.

## II. Factual Background

The facts, taken from Plaintiff's amended complaint, are as follows. At the end of August 2013, a property owned by Plaintiff caught on fire. Defendants allegedly "made false and/or inaccurate statements to get an arrest warrant issued and carried out against the Plaintiff" for arson. Defendants also allegedly "made sure the Plaintiff was on and in the news" as a suspect for arson.

Plaintiff, together with his father, voluntarily went to the Aliquippa police department and spoke with Defendant Don Couch, the assistant chief of police. During this conversation, Plaintiff claims that Couch lied to Plaintiff and his father, although the amended complaint does not specify what the lie was. Plaintiff informed Couch that he had an alibi. But, because of the purported lie told by Couch, Plaintiff stated that the police could get the alibi from Plaintiff's "attorney on another case." The amended complaint also states that Plaintiff wanted the alibi to be investigated by the Pennsylvania State Police because "he did not trust the Aliquippa Police to do a good job."

---

[2] These motions were originally filed in late April and early May of 2016, and Plaintiff never timely responded to them at that time. However, on July 29, 2016, the Court became aware that Plaintiff had been transferred from the Beaver County Jail to a Pennsylvania state correctional institution. (ECF No. 35). Thus, because the Court no longer had Plaintiff's address, the Court statistically closed the case and held the pending motions in abeyance. In August 2016, Plaintiff provided the Court with his updated address (ECF Nos. 36, 38), and the Court entered a revised briefing schedule with respect to the pending motions and provided Plaintiff with complimentary copies of the Defendants' motions and briefs. (ECF No. 37). Additionally, in the revised briefing schedule, Plaintiff was advised that if he did not respond to the motions, they would be decided without the benefit of his response. The Court will proceed to do so now. Parenthetically, the Court notes that pursuant to 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct any and all proceedings herein without review by a United States District Judge, and instead with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. (ECF Nos. 9, 16, 40).

In September 2013, Plaintiff's attorney advised Defendants of Plaintiff's alibi, but Defendants did not investigate it. On November 8, 2013, after learning that there was an outstanding warrant for his arrest, Plaintiff decided to turn himself in. Plaintiff also provided the alibi information to Defendants at this time, which they again ignored. After asking for the reason that he was being arrested and charged with arson, Plaintiff was told that it was because he had a key to the property involved in the fire. Plaintiff stated that he had a key to the property because he was the owner of it.

Plaintiff asked the police if they always arrest the homeowner for arson when a property burns down. The police responded "no, just you." Plaintiff informed Defendants that several other individuals had keys to the home, including "his separated wife, her boyfriend, her daughter, and countless others … since they were the last occupants of the property." Plaintiff also questioned why his separated wife was not a suspect given that she was on the insurance policy of the home, despite not being on any other legal documents. Additionally, the amended complaint notes that "arson was prevalent in the Aliquippa area at the time." Nonetheless, Plaintiff was detained in the Beaver County Jail pursuant to the arrest warrant on the following criminal charges: (1) Arson – Danger of Death or Bodily Inj.; (2) Arson Endangering Property – Reckless Endangerment of Inhabited Buildings; (3) Arson – Intent Collect Insurance; (4) Reckless Burning or Exploding – places property having value that exceeds $5,000 or automobile, place; and (5) Risking Catastrophe. *See* Magisterial District Court Criminal Docket, Docket No: MJ-36304-CR-502-2013 (City Def.s' Ex. A., ECF No. 33-1).[3]

Defendants did not investigate Plaintiff's alibi until it was time to have Plaintiff's preliminary hearing. The preliminary hearing was initially scheduled to occur on November 14,

---

[3] As explained in the following section setting forth the applicable legal standard regarding motions to dismiss, the Court may consider Plaintiff's criminal docket sheet attached by the City Defendants because it is a matter of public record and Plaintiff's claims are based on these criminal charges.

2013 but it was continued until December 12, 2013 so that the police could investigate his alibi. Plaintiff remained incarcerated during this time period because, according to the criminal docket sheet, he was unable to post bail. At the continued December 12, 2013 preliminary hearing, all of the above criminal charges against Plaintiff were dismissed by the magistrate. According to the amended complaint, the magistrate referred to the criminal case against Plaintiff for arson as "absurd proceedings."

The amended complaint avers that as a result of the foregoing, Plaintiff lost his "well paying job that had great benefits" and that he "has suffered mentally, emotionally, and physically." Plaintiff seeks "compensatory damages for lost wages, benefits, pain and suffering (past, present, future); nominal damages for constitutional violation(s); and punitive damages."

## III.  Legal Standard – Rules 12(b)(1) and 12(b)(6)

The Commonwealth Defendants move to dismiss the amended complaint arguing that all of the claims therein are barred by Eleventh Amendment immunity. While their motion seeks dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), their supporting brief argues that the amended complaint fails to state a claim under Rule 12(b)(6). *Compare* ECF No. 29 *with* ECF No. 30. The Court will construe this motion as a "facial" challenge to this Court's subject matter jurisdiction under Rule 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n. 2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction … Accordingly, the motion may properly be considered … under Fed.R.Civ.P. 12(b)(1)."); *Mayercheck v. Mayercheck/Tucciarone*, 2015 WL 1000159, *3 (W.D. Pa. 2015) ("A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity."); *Urella v. Pa. State Troopers Ass'n*, 628 F.Supp.2d 600, 604 (E.D. Pa. 2008) (finding that the Commonwealth's Eleventh Amendment immunity argument

was a "facial" challenge under Rule 12(b)(1)). A facial challenge under Rule 12(b)(1) "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Accordingly, both pending motions will be reviewed under the following standard.

To survive a motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citations omitted). When analyzing a motion to dismiss, it is appropriate to separate the factual and legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211. This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Moreover, because Plaintiff is proceeding *pro se*, the Court will accord him an even more liberal reading of the complaint, employing less stringent standards than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519 (1972). Additionally, if a *pro se* civil rights complaint is deficient, the Court must give the plaintiff a chance to amend

5

within a set period of time, unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). In this context, "'futility' means that the pleading, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).

**IV.  Discussion**

Plaintiff asserts in the amended complaint that Defendants are liable for the following violations of federal law: (1) wrongful arrest, (2) wrongful incarceration, (3) failure to do due diligence, (4) failure to provide *Miranda* rights, (5) slander, (6) malicious prosecution, (7) abuse of process, (8) deceit by law enforcement, (9) false imprisonment, and (10) police misconduct. The amended complaint does not assert that Plaintiff is seeking any relief under Pennsylvania law. Because it appears that Plaintiff is attempting to seek vindication of his federal constitutional rights, the Court will construe his amended complaint as asserting these federal claims under 42 U.S.C. § 1983,[4] notwithstanding that the amended complaint does not mention or refer to § 1983. The Court will address the two pending motions *seriatim*.

**A.  Commonwealth Defendants' Motion to Dismiss**

The Commonwealth Defendants – the Pennsylvania State Police and the Arson Division of the Pennsylvania State Police – argue that all claims in the amended complaint should be dismissed against them pursuant to the Eleventh Amendment of the United States Constitution. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia,* states and their agencies. *Laskaris v. Thornburgh,* 661 F.2d 23 (3d Cir.1981) (Pennsylvania); *Mt. Healthy*

---

[4]  Section 1983 provides, in pertinent part, that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State … subjects, or causes to be subjected, any person within the jurisdiction thereof … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress…"

*City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) (state agencies). The Pennsylvania State Police and the Arson Division of the Pennsylvania State Police are agencies of the Commonwealth of Pennsylvania, and, accordingly, are entitled to Eleventh Amendment immunity. *See Atkin v. Johnson*, 432 Fed. App'x 47, 48 (3d Cir. 2011) (the Pennsylvania State Police is a Commonwealth agency); *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) (subunits of Commonwealth agencies are entitled to Eleventh Amendment immunity). Additionally, as arms of the state, the Commonwealth Defendants are not "persons" for purposes of §1983. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70-71 (1989).

Moreover, none of the exceptions to Eleventh Amendment immunity are applicable. "Eleventh Amendment immunity is subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *See MCI Telecomm. Corp. v. Bell Atlantic of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). Congress did not abrogate the States' immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Pennsylvania has expressly withheld consent to suit in federal court. *See* 1 Pa. C.S. § 2310 (remaining immune from suit unless specifically waived by the Pennsylvania General Assembly); 42 Pa. C.S. § 8521(b) ("Federal Courts. Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *Laskaris*, 661 F.2d at 25. Finally, the amended complaint contains no allegations of an ongoing violation of federal law and is instead entirely based on past conduct.

Consequently, Commonwealth Defendants have established that they are entitled to Eleventh Amendment immunity with respect to all of Plaintiff's federal claims, which the Court

construes as being asserted pursuant to § 1983. Given that the amended complaint does not allege any state law claims, all of the claims in the amended complaint against the Commonwealth Defendants will be dismissed without prejudice for lack of subject matter jurisdiction.[5] *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) ("[D]ismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus must be ordered 'without prejudice.'"). Although said dismissal is without prejudice, Plaintiff is nevertheless denied leave to amend his pleading as to the Commonwealth Defendants, as there is no way that he could cure the existing deficiencies against them in light of Eleventh Amendment immunity. *See Walker v. Zenk*, 323 Fed. App'x 144, 148 (3d Cir. 2009) (finding that the district court properly denied the plaintiff leave to amend a claim that was barred by sovereign immunity). Accordingly, the Commonwealth Defendants' motion is granted and they are entitled to be dismissed from this action.

## B. City Defendants' Motion for Partial Dismissal

The City Defendants do not challenge whether the amended complaint states a claim for wrongful arrest, malicious prosecution, or false imprisonment against the individual Defendants (Roberts, David, and Couch). In their motion, they assert that all other claims in the amended complaint should be dismissed. Additionally, the City Defendants argue that the City of Aliquippa should be dismissed from this action, claiming that the amended complaint does not

---

[5] Alternatively, to the extent that Plaintiff is attempting to assert any of his claims against the Commonwealth Defendants under Pennsylvania law, the Court notes that any such attempt is without merit. Even if the Court were to construe some of these claims as state law claims, the Commonwealth Defendants enjoy sovereign immunity as to all of them, as none fall within any of the nine enumerated exceptions for *negligent* acts under 42 Pa.C.S. § 8522(a), (b). *See* 1 Pa. C.S. § 2310; 42 Pa. C.S. §§ 8521, 8522; *Ioven v. Nestel*, __ A.3d ___, 2016 WL 6993995, *2 (Pa. Cmwlth. Nov. 30, 2016) (slander is not listed as an exception to sovereign immunity, and thus, the plaintiff's state law slander claim was barred by sovereign immunity); *La Frankie v. Miklich*, 618 A.2d 1145, 171-72 (Pa. Cmwlth. 1992) (sovereign immunity barred the plaintiff's state law "intentional tort claims" for abuse of process, malicious prosecution, and false arrest). Additionally, as discussed below, Plaintiff's slander claim is untimely under the applicable one-year statute of limitations.

8

identify any unlawful policies or practices for purposes of establishing municipal liability.

As noted above, the Court is construing all of Plaintiff's claims as being asserted under § 1983, which "is not a source of substantive rights but a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute." *See Dibella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979)). To state a viable § 1983 claim, the plaintiff must sufficiently plead that that (1) the conduct complained of was committed by a person acting under the color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

1. Failure to do Due Diligence

The City Defendants correctly argue that the amended complaint's claim for "failure to do due diligence" is not a deprivation of a recognized right secured by the United States Constitution or other federal laws. *See Baker v. McCollan*, 443 U.S. 137, 146-47 (1979) (reversing the lower court's determination that the arresting officer's failure "to exercise due diligence in making sure that the person arrested and detained is actually the person sought under the warrant and not merely someone of the similar name" was a right secured by the United States Constitution, rather than state tort law); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484 (3d Cir. 1995) (whether law enforcement's investigation was negligent is irrelevant as to whether it violated an individual's constitutionally protected rights); *Collins v. Mayor of City of Harrisburg*, 2010 WL 256587, *4 (M.D. Pa. 2010) (dismissing the plaintiff's allegations regarding an inadequate or negligent criminal investigation for failure to state a claim). Thus, because "failure to do due diligence" is not a cognizable cause of action under § 1983, this claim will be dismissed with prejudice, as allowing amendment here would be futile.

9

### 2. Failure to be Provided *Miranda* Warnings

Plaintiff's claim that the City Defendants are liable because they did not advise him of his *Miranda* rights will also be dismissed. The Self-Incrimination clause of the Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, *Malloy v. Hogan*, 378 U.S. 1 (1964), provides that "No person … shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend V. In *Renda v. King*, 347 F.3d 550 (3d Cir. 2003), our Court of Appeals explained the Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), as follows:

> In *Miranda*, the Supreme Court held that the Self–Incrimination Clause of the Fifth Amendment prohibits a prosecutor from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. at 444, 86 S.Ct. 1602. Absent equally effective means, these procedural safeguards are that a person be warned prior to custodial interrogation of his right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be provided to him. *See id*. at 479, 86 S.Ct. 1602. If, after receiving these warnings, the person knowingly and intelligently waives these rights and provides a statement, that statement can be used against the person in a criminal proceeding. *See id.*

347 F.3d at 557. Significantly, in *Redna*, the Court of Appeals held that "questioning a plaintiff in custody without providing *Miranda* warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." *Id.* at 557-58.

In this case, Plaintiff does not (and cannot) identify any statements that he made to the officers during an interrogation that were used against him at trial, given that all of his criminal arson charges were dismissed at the preliminary hearing. Therefore, Plaintiff has failed to state a claim with respect to his allegations that Defendants did not provide him with *Miranda* warnings

prior to questioning. *See Redna*, 374 F.3d at 558-59 (a plaintiff cannot pursue a § 1983 claim for failure to receive *Miranda* warnings when his criminal charges are subsequently dropped and he does not go to trial); *see also Brown v. SEPTA*, 539 Fed. App'x 25, 28 (3d Cir. 2013). Accordingly, this claim is dismissed with prejudice, as allowing amendment here would be futile.

    3. <u>Slander</u>

The amended complaint essentially asserts that Defendants should be held liable for harming Plaintiff's reputation when they identified him on the news as an arson suspect. The Court agrees with the City Defendants that the amended complaint does not state a § 1983 claim for slander, which is a form of defamation.[6]

In *Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992), the plaintiff alleged that he was defamed by a city detective sergeant who made statements to the local media at a press conference regarding the criminal charges against the plaintiff. The Court of Appeals observed that "[f]rom the face of the complaint, the media communication did not violate anything other than [the plaintiff's] reputation." *Id.* at 1466 n. 14. However, the Court noted that "[t]here is no federal constitutional right to reputation." *Id.* at 1468 (citing *Siegert v. Gilley*, 500 U.S. 226 (1991) and *Paul v. Davis*, 424 U.S. 693 (1976)). Additionally, "violations of state law, including defamation, are insufficient to state a claim under § 1983." *Id.* Therefore, "[t]o the extent that [the plaintiff] was 'defamed' by the media publication, … he [did] not allege a violation of clearly established law." *Id.* Although *Kulwicki*'s dismissal of this claim was based on qualified

---

[6] SLANDER, Black's Law Dictionary (10th ed. 2014) ("A defamatory assertion expressed in a transitory form, esp. speech; esp., false and defamatory words that are said in reference to another, such as those charging criminal conduct, imputing a horrible or loathsome disease, alleging malfeasance or incompetence in reference to the person's professional responsibilities, or otherwise causing special damage to the person's reputation.").

immunity grounds, the Court nevertheless finds that *Kulwicki* is analogous to the facts of this case, and likewise holds that the amended complaint fails to state a § 1983 claim for slander for the same reasons identified in *Kulwicki*.[7] As the City Defendants note, this conclusion is consistent with other district court decisions in this Circuit. *See Hubi v. Nalty*, 2011 WL 2292808, *1 (E.D. Pa. 2011); *Rivera v. Zwiegle*, 2014 WL 6991954, *5 n. 3 (D.N.J. 2014); *McKinney v. Passaic Cty. Prosecutor's Office*, 2009 WL 113790, *7 (D.N.J. 2009).

Alternatively, to the extent that Plaintiff is pursuing this slander claim under Pennsylvania law, the City Defendants properly argue that it is barred by Pennsylvania's one-year statute of limitations. *See* 42 Pa. C.S. § 5523. The amended complaint asserts that the statements occurred toward the end of August 2013. Even when applying the prisoner mailbox rule and presuming that the date that Plaintiff signed the complaint is the date that he delivered it to prison officials for filing, *see Haynes v. Thompson*, 2016 WL 6995654, *1-2 (W.D. Pa. 2016), the original complaint was not filed until August 16, 2015. Therefore, because it is apparent

---

[7] Like in *Kulwicki*, the alleged defamatory statements in this case "did not violate anything other than [Plaintiff's] reputation." *Kulwicki*, at n. 14. Although the amended complaint is generally seeking recovery for the loss of Plaintiff's job, he does not allege that he was fired because of the defamatory statements made at the end of August 2013. Instead, the amended complaint clearly alleges that he lost his job as a result of being incarcerated beginning on November 8, 2013. *See* Am. Compl. at pp. 2-3 ("This said incarceration lead [*sic*] to the plaintiff's dismissal/firing form his prominent, well paying job that had great benefits."). Therefore, Plaintiff's termination from his job is irrelevant to this analysis.

Moreover, even if he had alleged that he lost his job because of the defamatory statements, the Court would reach the same conclusion. The amended complaint does not allege that Plaintiff was employed by a public entity, and thus, the Court assumes that he was privately employed. The amended complaint contains no allegations that the City Defendants unreasonably interfered with Plaintiff's ability to follow a chosen profession or occupation, as opposed to a specific job. *See Piechnick v. Pennsylvania*, 36 F.3d 1250, 1259 (3d Cir. 1994). As such, even if Plaintiff's private third party employer decided to fire Plaintiff because of the Defendants' defamatory statements, Plaintiff did not have a constitutionally protected interest in maintaining that particular job. *See Culinary Serv. Of Del. Valley, Inc. v. Borough of Yardley, Pa.*, 385 Fed. App'x 135, 141 (3d Cir. 2010); *Baraka v. McGreevey*, 481 F.3d 187, 209 (3d Cir. 2007). Thus, because the amended complaint does not allege that Defendants deprived Plaintiff of some other protected right or interest in addition to the harm to his reputation, the amended complaint does not state a § 1983 defamation claim. *See Paul*, 424 U.S. at 711-12.

from the face of the complaint that this claim would be barred by the applicable one-year statute of limitations, it may be dismissed at the motion to dismiss stage. *See Bethel v. Jendoco Cost. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

This claim will be dismissed with prejudice, as allowing amendment would be futile.

### 4. Deceit, Misconduct, and Wrongful Incarceration

The City Defendants argue that the Court should dismiss Plaintiff's "deceit by law enforcement" and "police misconduct" claims because they are not recognized causes of action under § 1983. Additionally, the City Defendants assert that "the Court may fairly conclude that Plaintiff's deceit by law enforcement and police misconduct claims actually sound in wrongful arrest, false imprisonment and/or malicious prosecution," which they are not seeking to dismiss. Similarly, regarding his "wrongful incarceration" claim, in addition to arguing that the individual City Defendants had no personal involvement in setting Plaintiff's bail, the City Defendants argue that this claim is duplicative of and "would be covered by Plaintiff's wrongful arrest, false imprisonment and/or malicious prosecution claims." As a result, "given the repetition and duplicity, as well as the fact that these claims lack merit as viable §1983 causes of action," they argue that the Court should dismiss these claims. The Court agrees with the City Defendants. *See, e.g., M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 43 F.Supp.3d 412, 418-19 (M.D.Pa. 2014) (collecting cases of courts in the Third Circuit dismissing redundant and duplicative § 1983 claims). Therefore, Plaintiff's claims for deceit by law enforcement, police misconduct, and wrongful incarceration are hereby dismissed with prejudice, as Plaintiff's interests are adequately protected in his remaining § 1983 claims and allowing amendment would be futile.

### 5. Abuse of Process

"[A] section 1983 claim for malicious abuse of process lies where 'prosecution is

initiated legitimately and thereafter is used for a purpose other than that intended by the law.'" *Rose v. Bartle*, 871 F.2d 331, 350 n. 17 (3d Cir. 1989) (citation omitted). "Pennsylvania recognizes a cause of action for abuse of process where 'the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.'" *Napier v. City of New Castle*, 407 Fed. App'x 578, 582 (3d Cir. 2010) (quoting *Rosen v. Am. Bank of Rolla*, 627 A.2d 190, 192 (Pa. Super. 1993)). Importantly, "there is no action for abuse of prosecution when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." *Id.* (internal marks and citation omitted). "It is only when the process is used for an illegitimate purpose, such as extortion, forcing a defendant to surrender a legal right, or blackmail, that a claim for abuse of process lies." *Mawson v. Pittson Police Dep't*, 2014 WL 3735133, *10 (M.D. Pa. 2014).

The Court agrees with the City Defendants that it appears "that Plaintiff may have confused his malicious prosecution claim and abuse of process claim." Indeed, "the initial filing of criminal charges and [his] arrest, if improper, would constitute malicious prosecution, not abuse of process." *Napier*, 407 Fed. App'x at 582 (citing *Rose*, 871 F.2d at 350 n. 17). As noted above, City Defendants do not move to dismiss the malicious prosecution claim. Therefore, as the amended complaint contains no factual allegations supporting Plaintiff's abuse of process claim, the Court will dismiss this claim. Because allowing amendment of this claim would be futile, it will be dismissed with prejudice.

      6. <u>Municipal Liability</u>

Finally, the City Defendants assert that all of Plaintiff's § 1983 claims against the City of Aliquippa must be dismissed for failure to state a claim for municipal liability under *Monell v.*

14

*Dep't of Social Servs.*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court held that municipalities, like individuals, can be found liable for § 1983 claims. *Monell*, 436 U.S. at 691. However, a municipality may not be found liable under a theory of *respondeat superior*, i.e., solely because it employs a tortfeasor. *Id.* Rather, the complaint must contain factual allegations showing that a municipal custom[8] or policy[9] caused the constitutional violation. *Id.* at 694. "To satisfy the pleading standard, [the plaintiff] must identify a custom or policy, and specify exactly what the custom or policy was." *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). Additionally, "[o]nce a § 1983 plaintiff identifies a municipal policy or custom, he must 'demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.'" *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Bd. of Cty. Com'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)). Where the policy or custom does not facially violate federal law, causation can be established only by demonstrating that the municipal action was taken with deliberate indifference as to its known or obvious consequences. *Id.*

Here, the amended complaint does not identify any policy, custom, or practice of the City of Aliquippa or its policymakers that caused Plaintiff's alleged harm. Even under a relaxed and liberal construction, the amended complaint fails to allege any facts from which the Court may

---

[8] "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Monell*, 436 U.S. at 690). Custom may also be established by evidence of knowledge and acquiescence. *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

[9] "Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews*, 895 F.2d at 1480 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).

infer that the City of Aliquippa had in place any improper policy or custom regarding his claims for wrongful arrest, malicious prosecution, or false imprisonment. Therefore, with respect to the City of Aliquippa, the amended complaint is deficient as to said claims. *See Caldwell v. Egg Harbor Police Dep't*, 362 Fed. App'x 250, 251-52 (3d Cir. 2010) (dismissing the *pro se* plaintiff's § 1983 complaint against the municipality and its police department for failing to identify any unconstitutional customs or policies). To hold otherwise would impermissibly subject the City of Aliquippa to liability based on the conduct of its officers, rather than the conduct of the City itself. *See Monell*, 436 U.S. at 691.

As a result, in addition to the above claims dismissed against all of the City Defendants, the remaining claims in the amended complaint for wrongful arrest, malicious prosecution, and false arrest will be dismissed against the City of Aliquippa. However, in the interests of justice, Plaintiff will be given an opportunity to amend these three remaining claims against the City of Aliquippa within the timeframe specified in the accompanying Order. *See Grayson*, 293 F.3d at 108. If Plaintiff does not file an amended pleading within that timeframe, the City of Aliquippa will be dismissed from this action with prejudice via separate Order.

## V.  Conclusion

In accordance with the foregoing, both pending motions to dismiss will be granted. An appropriate Order will follow.


Dated: <u>December 22, 2016</u>.                                      By the Court:

                                                                                          <u>s/ Cynthia Reed Eddy</u>
                                                                                          Cynthia Reed Eddy
                                                                                          United States Magistrate Judge

cc: **CLIFFORD JOSEPH KAROLSKI**
MQ 0691
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001

All registered counsel via CM-ECF